UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS CORNELL JACKSON, #748757,

    Plaintiff,                            Hon. Robert J. Jonker

v.                                          Case No. 1:21-cv-1060

UNKNOWN LABARE, et. al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion to Compel Enforcement of his Federal Rights. (ECF No. 49). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied.

**BACKGROUND**

Plaintiff initiated this action against the State of Michigan, the Michigan Department of Corrections (MDOC), and three MDOC employees, John Davids, Unknown Labare, and Unknown Oversmith. (ECF No. 1). At this juncture, the only remaining claim is that, on or about December 1, 2021, Labare instructed a nurse to deny Plaintiff medication to treat his dry-eye condition in violation of his Eighth Amendment rights. (ECF No. 1 at PageID.8; ECF No. 11 at PageID.204-06). Plaintiff now moves the Court to enforce his federal rights. Specifically, Plaintiff, alleging that his legal mail is being improperly withheld, moves the Court to order certain MDOC

-1-

officials to "enforce [Plaintiff's] federal right to receive and possess legal mail from the federal courts." (ECF No. 49 at PageID.596).

## ANALYSIS

Injunctive relief is "an extraordinary remedy which should be granted only if . . . the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001).

If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000). Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118.

Consideration of these factors weighs against Plaintiff's request. First, Plaintiff's motion is not supported by any evidence, thus Plaintiff cannot establish that his allegations have any merit. Even if Plaintiff could demonstrate that his allegations had merit, he has failed to establish that he is likely to suffer irreparable injury in the absence of relief. While Plaintiff's allegations, if true, are disturbing, adequate legal remedies exist to remedy such wrongs and Plaintiff has failed to demonstrate that such remedies are unavailable or inadequate. Finally, the Court finds that the public interest is not served by interfering in the day-to-day operation of a county jail without adequate justification for doing so. Accordingly, the undersigned recommends that Plaintiff's motion be denied.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion to Compel Enforcement of his Federal Rights (ECF No. 49) be denied. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                              Respectfully submitted,

Date: January 17, 2023                            /s/ Phillip J. Green
                                                       PHILLIP J. GREEN
                                                       United States Magistrate Judge